UNITED STATES DISTRICT COURT FOR )
EASTERN DISTRICT OF NEW YORK )
-------------------------------------------------------------X )
WHYTE, JOVANNI G. ex rel., )
                                 Plaintiffs )  PLAINTIFF'S COMPLAINT FOR:
) VIOLATIONS OF 42 U.S.C. § 1981
-Against- ) (A), BREACH OF CONTRACT,
) SLANDER OF TITLE, INJUNCTIVE
) RELIEF
)
SUFFOLK COUNTY, ) TRIAL BY JURY DEMAND
                              Defendants(s) )
-------------------------------------------------------------X )

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 14 2020 ★
LONG ISLAND OFFICE

CV 20 0240

RECEIVED
JAN 14 2020
EDNY PRO SE OFFICE

AZRACK, J.
SHIELDS, M.J.

**PLAINTIFF'S COMPLAINT FOR: VIOLATIONS OF 42 U.S.C. § 1981 (a), BREACH OF CONTRACT, SLANDER OF TITLE, INJUNCTIVE RELIEF**

**TAKE NOTICE** "expressum facit cessare tacitum".

COMES NOW the Plaintiff, Jovanni G. Whyte, ("Plaintiff"), complaining of the Defendants as named above, and each of them, as follows:

**PRELIMINARY STATEMENT**

I. This serves as a civil rights action in which the plaintiff seeks injunctive relief for defendant's negligence and violation, of my rights, privileges, and immunities secured by 42 U.S.C. § 1981, Article III of the United States Constitution, Article 3 § 2 of the National Constitution, due process clause of the 5th amendment to the U.S. Constitution, 12 U.S. Code § 1831n, 18 U.S. Code § 472 – "Uttering Counterfeit Obligations or Securities; 18 U.S. Code § 473 – "Dealing in

Counterfeit Obligations or Securities"; RICO, 18 U.S.C. § 1961, Racketeer Influenced and Corrupt Organizations Act, 18 U.S. Code § 1341 – "Frauds and Swindles" CHXIV, State of Sept. 15, 1789, 1 Stat. 68-69; 22 USC 2657; 22USC 2561a; 5 USC 301; 28 USC 1733 et. Seq.' 8 USC 1443(f); RULE 44 Federal Rules of Civil Procedure, due process clause of the 5th amendment to the U.S. Constitution by breach of contract in association with slander of title See <u>Metoyer v. Chassman</u>, 504 F.3d 919 (9th Cir. 2007).

II. The plaintiff brings this action seeking compensatory and punitive damages for defendant's violation of rights afforded by the National Constitution.

III. Suffolk County by The State of New York and operating individually and at a official capacity, jointly and severally, did cause my person, to be subject to, legal misrepresentation, social, and economic losses in a collusion to disclose my security interest.

IV. The defendant acting as a third party debt collector did in fact fail to cure the matter of an Illegal arrest and detention following proper service of a Notice of Claim. See Exhibit A.

V. Following a failure to cure a Notice of Claim Requesting 50 H HEARING dated on or about October 31, 2019 the defendant is liable as they failed to cure the matter of a false arrest during a scheduled pre trial conference.

VI. Following failure to cure the plaintiff again serviced the parties of interest with a final failure to Cure dated on or about September 25, 2019. See Exhibits B.

VII. Suffolk County was appointed as a collections agent in the State of New York at the time of this incident via Docket #: 19020291 [SOUTHAMPTON TOWN JUSTICE COURT].

VIII. Suffolk County held a position as a County in State of New York making them a fiduciary to my best interest in the matters before the court proceedings contractually.

IX. Suffolk County proceeded to Breach the contract during their representation by not settling the allegations of a false arrest against the plaintiff.

X. Suffolk County breached said contract and committed fraud in order to allow State of New York to seize illegal payments when served with a Notice of fault.

XI. The Notice of Claim Request was breached and more than (21) days have passed without recourse.

XII. I seek compensatory and punitive damages. I also seek all other awards, fees and cost, and for such other and further relief as a Federal Court seems just and proper.

## JURISDICTION

XIII. Federal Court has jurisdiction over my claims pursuant to 28 U.S.C. Section 1331 and Section 1342(3).

XIV. Federal jurisdiction over the proceedings will be invoked pursuant to the provisions of Title 28, United States Code Section 1343(3) and (4), with a suit in equity which is authorized by law, pursuant to 28 U.S.C. Section 1331 and Section 1342(3), to be brought to redress the deprivation of rights, privileges, and

immunities secured by Constitution and laws of the United States or by any Act of Congress providing for equal rights of citizens. The rights here sought to be redressed are rights guaranteed by 42 U.S.C. § 1981, Article III of the United States Constitution, Article 3 § 2 of the National Constitution, due process clause of the 5th amendment to the U.S. Constitution, 12 U.S. Code § 1831n, 18 U.S. Code § 472 – "Uttering Counterfeit Obligations or Securities; 18 U.S. Code § 473 – "Dealing in Counterfeit Obligations or Securities"; RICO, 18 U.S.C. § 1961, Racketeer Influenced and Corrupt Organizations Act, 18 U.S. Code § 1341 – "Frauds and Swindles" CHXIV, State of Sept. 15, 1789, 1 Stat. 68-69; 22 USC 2657; 22USC 2561a; 5 USC 301; 28 USC 1733 et. Seq.' 8 USC 1443(f); RULE 44 Federal Rules of Civil Procedure as hereinafter more fully appears.

XV. A notice of claim was timely filed, with respect to my cause of actions which occurred on or about September 13, 2019 on or about September 25, 2019, and on or about October 31, 2019 setting forth the time when, the place where and the manner in which the incidents occurred.

XVI. This action is being commenced within the time limitations set forth in all applicable Federal and State laws and Statutes.

## **VENUE**

XVII. The proper venue for these claims are in a United States District Court pursuant to 28 U.S. Code § 1367 in that County of Suffolk, The State of New York and the places at which the events occurred are in the Federal Courts jurisdiction.

## PARTIES

XVIII. The plaintiff, and is and was at all times relevant having a place of business located at C/o P.O. BOX 331 Amityville Territory, New york Republic [Zip Exempt].

XIX. Defendant is a County acting as Agency for the municipal State of New York that was contracted by assignment and is authorized by law to maintain their offices that act as its agents and for which it is ultimately responsible based on the laws of the State of New York.

XX. Suffolk County has a principal office located at Riverhead County Center County Road 51 Riverhead, NY 11901.

XXI. Suffolk County, is and was, at all times relevant to this complaint, the debtor by contract with the plaintiff and was a policy maker for purposes of State of New York's policies, practices and customs.

XXII. Suffolk County, at all times relevant to this complaint, was involved in the incidents on that took place on or about September 13, 2019, on or about September 25, 2019, and on or about October 31, 2019.

XXIII. At all times relevant herein, Suffolk County violated clearly established National constitutional protections of which a reasonable municipality appointed by assignment under their respective circumstance would have known not to be so violative.

## STATEMENT OF PERTINENT FACTS

XXIV.   On or about September 9, 2019 my person JOVANNI G. WHYTE made a special appearance before the matters In Re: Docket #: 19020291 [SOUTHAMPTON TOWN JUSTICE COURT]

XXV.   While before the court my person was subjected to an act of torture when the court failed to redress the matters of a proper place of business with regards to the record of the court.

XXVI.   It was well established in a Letter Rogatory and a Notice Of Special Appearance a proper address at which my person could be addressed before the court at which The Torturer began to further request my telephone number.

XXVII.   At the time I did not understand the cause of action for the line of The Torturer's request at which I responded and made a counter offer with respectful demands for a legal reason that my personal telephone number was required.

XXVIII.   At the moment that demands were made a torturous act was committed immediately my person when he was handcuffed by officers of the court.

XXIX.   The Torturer commanded officers of the court to detain my person with no legal grounds after I had informed the court that my address for all business and correspondence was correct and after I merely informed the court that I did not understand the reason I was being asked for my private telephone number.

XXX.   The torturer proceeded to have a $500.00 (U.S. dollars) bail bond placed upon my person at which while in custody I was barred from posting bail and held for a longer period than I would have under the circumstances.

XXXI. While in detention I was not afforded any medical attention and nothing of sustenance in the form of food for over eighteen (18) hours.

XXXII. As a result of an unlawful arrest and detention no doubt I was subjected my person and myself to a torturous act which involved my unlawfully detention following an illegal arrest by officers under the command of The Torturer.

XXXIII. No doubt the torturer operated outside of the scope and duty of her employment when she failed to acknowledge a Letter of Rogatory and Notice Of Special Appearance that had the defendants proper address and was not required to make a personal telephone number public record.

XXXIV. The claim and exercise of Constitutional Rights cannot be converted into a crime **Miller v Kansas** 230 F 2nd 486, 489. Where Rights secured by the Constitution are involved, there can be no rule – making or legislation, which would abrogate them **Miranda v Arizona** 384 US 436, 125.

XXXV. The Torturer converted a right to be set at liberty into a crime breaching my Constitutional Protections.

XXXVI. The underlying rationale is that attempting to do what is not a crime is not attempting to commit a crime **State v. Taylor**, 345 Mo. 325, 133 S.W.2d 336 (1939), **People v. Jaffe**, 185 N.Y. 497, 78 N.E. 169 (1906), **People v. Rojas**, 55 Cal. 2d 252, 358 P.2d 921 (1961) **People v. Baker**, 23 N.Y. 2d 319; **People v. Mahoney**, 16 A.D.2d 107, **Davis v. Mississippi**, 393 U.S. 821; **Crews v. United States**, 440 U.S. 907.

XXXVII. Suffolk County failed to locate and join the Real Parties who were of Interest under the Pooling & Servicing Agreements in the 424b5 Prospectuses and 8-K

Current Reports, under F.R.C.P. 19 (a), there are material, factual and legal issues as to subject matter and in persona jurisdiction under Rules 17(a)(3) and 12b(1)(2)(6) do to the lack of Ratification of Commencement by the Real Parties in Interest that needs to be addressed by Suffolk County et al and its trustees Sua Sponte as a threshold issue under Article 3 § 2 of the National Constitution and that you by law should not have granted yourself relief of stay as a Party that seeks relief from automatic stay must be a "real party in interest." 11 U.S.C.A. § 362(d); Fed. Rules Bankr. Proc. Rules 4001, 7017, 9014, 11 U.S.C.A. <u>In re Kang Jin Hwang 396 B.R. 757</u>.

XXXVIII. U.S. Informational Tax Forms 1096 and the accompanying 1099 OID's and tax forms 8300 for any cash payments over $10,000 as evidenced as the Certificated Security or Promissory Note is evidence that Suffolk County et al was conducting an unlawful attempt at collection.

XXXIX. The 1099 OID's issued by the Trustees of Suffolk County et al will identify who the payor and the recipient of the funds or cash proceeds were under SFAS [Statement of Financial Accounting Standards] # 95 and IAS [International Accounting Standards] # 7.6 containing the inflows and outflows of cash and cash equivalents on the Balance Sheet FR 2046 from securitization of the off-balance-sheet receivables and payables which identify both the source or principal from which the funds or cash proceeds were derived from.

XL. It is required by U.S. PATRIOT ACT to reveal the source of the funds allocated for Docket #: 19020291 [SOUTHAMPTON TOWN JUSTICE COURT] by filing Currency Transaction Reports, Currency and Monetary Instrument Transportation

        Forms CMIR's under §§ 5311 et seq. of 31 U.S.C. of THE BANK SECRECY ACT and 31 CFR § 103.11 regulations et seq., under the U.S. PATRIOT ACT and SEC Rule 17a-8, which applies to all broker-dealers, incorporates the requirements of the Bank Secrecy Act to file reports and maintain records showing the source of the funds that allegedly funded and perfected the Mortgage Loan Applications, Promissory Notes and securing Beneficiaries Real Property under the subject Deeds of Trust.

XLI. As a result of the negligence of the defendant in curing the matter false statement was submitted listing my person as the debtor in the matter and left subject to third party interveners 42 U.S.C. § 1981, Article III of the United States Constitution, Article 3 § 2 of the National Constitution, due process clause of the 5th amendment to the U.S. Constitution, 12 U.S. Code § 1831n, 18 U.S. Code § 472 – "Uttering Counterfeit Obligations or Securities; 18 U.S. Code § 473 – "Dealing in Counterfeit Obligations or Securities"; RICO, 18 U.S.C. § 1961, Racketeer Influenced and Corrupt Organizations Act, 18 U.S. Code § 1341 – "Frauds and Swindles" CHXIV, State of Sept. 15, 1789, 1 Stat. 68-69; 22 USC 2657; 22USC 2561a; 5 USC 301; 28 USC 1733 et. Seq.' 8 USC 1443(f); RULE 44 Federal Rules of Civil Procedure.

XLII. Suffolk County violated my civil rights, causing me economic loss when it breached their duties as representation in the matter of Docket #: 19020291 [SOUTHAMPTON TOWN JUSTICE COURT].

XLIII.  Suffolk County proceeded to Breach the contract during his representation by not setting off and discharging the allegations asserted by way of the aforementioned Notices.

XLIV.  I seek compensatory and punitive damages. I also seek all other awards, fees and cost, and for such other and further relief as a Federal Court seems just and proper.

## GENERAL ALLEGATIONS

XLV.  This is an action brought by Plaintiff for declaratory judgment, injunctive and equitable relief, and for compensatory, special, general and punitive damages.

XLVI.  Plaintiff, Involuntary Debtor, disputes Defendants' superior colorable claim to legal title and equitable title of the Prime Market Real Property in question (hereafter, the "Real Property"), which is the subject of this instant action. Plaintiff is the owner of the property by Grant Deed and Deed of Trust.

XLVII.  Plaintiff is informed and believes, and thereon alleges that Defendants participated in a transactional scheme whereby a purported Tangible Note is converted/exchanged for a Payment Intangible asset to provide an alternative investment offering via Special Deposit to certificate or bond holders which were expected to be relatively safe; which, were offered by Wall Street Firms to the secondary market through purported mortgage backed securities. Reference OCC Asset Securitization Manual 1997, Pg. 23



XLVIII.  Plaintiff is informed and believes, and thereon alleges that, certain tax laws known as the Real Estate Mortgage Investment Conduit (hereafter, REMIC) Tax Reform Act of 1986 were to be observed, and whereby the Non-Depository Payor Banks and Issuing Entities REMIC would be protected from either entity going into bankruptcy. To achieve the desired "bankruptcy remoteness," purported numerous "True Sales" of Plaintiff's Tangible Note would have had to of occurred by operation of All applicable law.

XLIX.  Plaintiff is informed and believes, and thereon alleges that there was no "True Sale" of Plaintiff's Tangible Note, a circumstance whereby Suffolk County sold Plaintiff's Tangible Note to the "buyer/seller" State of New York in an ordinary course of business by offer, acceptance, delivery and consideration given for full value of the entire instrument.

L. The Original Lender, State of New York purports to have negotiated in accordance to all applicable law the Tangible Note obligation in an ordinary course of business to successor Defendants.

LI. Plaintiff is informed and believes, and thereon alleges that Suffolk County has unlawfully purported to assign, transfer, or convey its interest in Plaintiff's Note on or before closing date of Trust.

LII. Plaintiff is informed and believes, and thereon alleges that Suffolk County et al, never negotiated the Tangible Note by operation of law for full value in accordance with all applicable law to State of New York.

LIII. Plaintiff alleges that Defendants, and each of them, cannot establish possession, show proper receipt, transfer, negotiations, assignment and ownership of the Tangible Note or Deed of Trust, resulting in imperfect security interests and claims; therefore, none of the Defendants have perfected any colorable claim of title or security interest in the Real Property. Defendants, and each of them, cannot establish that the Deed of Trust purportedly securing the Tangle Note, were legally or properly acquired in accordance to all applicable law.

LIV. Plaintiff therefore alleges, upon information and belief, that none of the parties to transaction, nor any of the Defendants in this case, hold a perfected and secured claim in the Real Property; and that all Defendants are equitably estopped and precluded from asserting an unsecured claim against Plaintiff's estate.

LV. Plaintiff alleges that an actual controversy has arisen and now exists between the Plaintiff and Defendants, and each of them. Plaintiff desires a judicial determination and declaration of its rights about the Real Property and the

corresponding Tangible Note and Deed of Trust.

LVI. Plaintiff also seek redress from Defendants identified herein for damages, for other injunctive relief, and for cancellation of written instruments based upon:

    a. An invalid and unperfected security interest in Plaintiff's Real Property hereinafter described;

    b. Void "True Sales;"

    c. An incomplete and ineffectual perfection of a security interest in Plaintiff's Real Property

## FIRST CAUSE OF ACTION:

## LACK OF STANDING/ BREACH OF CONTRACT

**A.** **No Defendant Has Standing to Collect**

LVII. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

LVIII. The terms of the contract are clear.

LIX. Pursuant to Notice of Claim, Suffolk County et al and specifically, their electronic agent, was obligated to satisfy, release and re-convey the beneficial security interest in Plaintiff's pledged Deed of Trust upon payment of all sums associated with the release premium to State of New York for Accommodated Party services rendered.

LX. Defendant Suffolk County was paid in full for their Accommodated capacity to the Tangible Note and Deed of Trust when it sold and relinquished its interest in Plaintiff's real property to Structured Asset Securities Corporation

LXI.   Defendant Suffolk County failed to satisfy, release and re-convey the security instrument, thus breaching the terms found in the Deed of Trust.

## SECOND CAUSE OF ACTION

## SLANDER OF TITLE

LXII.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

LXIII.   Generally, one must prove the following to bring a legally sufficient claim of Slander of Title.

a. There was a communication to a third party of;

b. A false statement;

c. Derogatory to another's title;

d. With malice; and

e. Causing special damages

LXIV.   There are no UCC 1 Financial Statements perfecting personal property interest in the Accommodated Deed of Trust contract enforcement rights with the Secretary of State's Office where the Real Property resides, giving constructive notice to the world of the true capacity of the purported parties in the §1031 – Exchange in performance of the securities of GMF 2006-AR7.  (See Asset Securitization Comptroller's Handbook Nov. 1997 http://www.occ.gov/publications/publications-by-type/comptrollers-handbook/assetsec.pdf)

LXV.   Such instruments remained unrecorded as "Secret Liens" within the collateral file and was never submitted for recordation to perfect Defendant's rights to the Accommodated Tangible Note and pledged Deed of Trust lien and the right to enforce an alternate means of collection.

LXVI.  Defendants, by withholding such facts have potentially committed a grave error Slander of Title causing special damage.

LXVII. The act of recording the purported on or about September 9, 2019 Assignment of Deed of Trust into the Official Records of Suffolk County's Office is a communication to a third party of false statement derogatory to Plaintiff's title made with malice causing special damages to the Plaintiff's claim of title.

LXVIII. The act of recording the purported Notice of Claim into the Official Records of Suffolk County's Office is a communication to a third party of false statement derogatory to Plaintiff's title made with malice causing special damages to the Plaintiff's claim of title.

LXIX.  The act of recording the purported September 9, 2019 Assignment of Deed of Trust into the Official Records of Suffolk County's Office is a communication to a third party of false statement derogatory to Plaintiff's title made with malice causing special damages to the Plaintiff's claim of title.

## THIRD CAUSE OF ACTION
## FOR INJUNCTIVE RELIEF

LXX.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

LXXI. Plaintiff is the record title-holder of the person and is now being threatened with irreparable injury by the conduct of Defendants.

LXXII. Plaintiff will continue to be in jeopardy of injury by the Defendants' wrongful conduct by the now threatened collection, causing irreparable injury by denying them the right to maintain the status quo between the parties pending resolution of the present dispute.

LXXIII. Plaintiff has no adequate remedy at law for both the factual and threatened injuries herein described. Plaintiff's real property residence and rights involved are non-fungible and utterly unique so that it will be impossible to accurately measure in monetary terms, the damage caused by Defendants' wrongful conduct.

LXXIV. Defendants' numerous violations of federal and state statute and inability to establish a claim of right to Plaintiff's Note or Deed of Trust establishes Plaintiff's claim as more probable than not and Plaintiff will likely prevail at the time of trial.

LXXV. Plaintiff requests that Defendants and its agents and employees be enjoined from prosecuting any continuance of a collection pending trial.

## SIXTH CAUSE OF ACTION

## DECLARATORY RELIEF

LXXVI. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

LXXVII.  An actual controversy has arisen and now exists between Plaintiff and Defendants specified hereinabove regarding Plaintiff's respective rights and duties in the subject note and security instrument. Plaintiff requests a judicial determination of the rights, obligations and interest of the parties regarding the subject property, and such determination is necessary and appropriate under the circumstances so that all parties may ascertain and know their rights, obligations and interests regarding the subject property.

LXXVIII. Plaintiff should be the equitable owner of the Subject Property.

LXXIX. Plaintiff seeks to quiet title as of the date of the filing of this Complaint. Plaintiff seeks a judicial declaration that the title to the Subject Property is vested in Plaintiff alone and that the Defendants be declared to have no interest estate, right, title or interest in the subject property and that the Defendants, their agents and assigns, be forever enjoined from asserting any estate, right title or interest in the Subject Property subject to Plaintiff's rights.

## PRAYER

WHEREFORE PREMISES CONSIDERED as Prayer for Relief, and for the foregoing reasons, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final hearing, Plaintiff be awarded judgment:

- Declaring that Defendants lack any interest in the subject property which would permit them to collect, lien, or attempt to collect or lien, the trust deed and/or to sell the subject properties;

- Declaring that the trust deed is not a lien against the subject properties, ordering the immediate release of the trust deed of record, and quieting title to the subject properties in Plaintiff and against Defendants and all claiming by, through or under them;

- A refund of any wrongfully or improperly collected fees and payments to Defendants to which it had no right;

- Pre- and post-judgment interest at the maximum rate allowed by law;

- Attorney's fees;

- Monetary relief over $100,000.00 (U.S. dollars) but not more than $2,000,00.00 (U.S. dollars; and;

- Any such other and further relief at law and/or in equity to which Plaintiff may be justly entitled including but not limited to damages within the jurisdictional limits of this Court, together with pre-judgment and post-judgment interest as are allowed by law.

CC: Suffolk County Attorney
C/o Dennis M. Brown
100 Veterans Memorial Highway
[Hauppauge, New York] [11788-9998]
U.S.A.

## NOTARY ACKNOWLEDGEMENT

State of New York)

        ) ss      **JURAT**

County of Suffolk )

On this 4th day of January 2020, before me personally appeared Jovanni G. Whyte to me known to be the person described in as Plaintiff. And who executed the foregoing instruments and acknowledged to me that Jovanni G. Whyte executed the same as his free act and deed.

_____      1-4-2020

Notary Signature                        Date

My commission expires _____10-20-2021_____

Seal

BRIAN E. WILLIAMS
NOTARY PUBLIC, State of New York
No. 01WI5086593
Qualified in Suffolk County
Commission Expires 10/20 2021



I Am: _Jovani Giuseppe Whyte_

Without Prejudice, Without the United States