UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOVANNI G. WHYTE,

                      Plaintiff,

    -against-

SUFFOLK COUNTY,

                    Defendant.
----------------------------------------------------------X

For Online Publication Only

**ORDER**
20-CV-00240 (JMA) (AYS)

JOAN M. AZRACK, United States District Judge:

      On January 14, 2020, *pro se* plaintiff Jovanni G. Whyte ("Plaintiff") filed a complaint against Suffolk County ("Defendant") together with an incomplete application to proceed *in forma pauperis*. (ECF Nos. 1, 2.) Accordingly, by Notice of Deficiency dated January 15, 2020, Plaintiff was instructed to complete and return the enclosed application to proceed *in forma pauperis* within fourteen (14) in order for his case to proceed. (ECF No. 5.) On January 29, 2020, Plaintiff filed a second application to proceed *in forma pauperis*. (ECF No. 7.) For the reasons that follow, the applications to proceed *in forma pauperis* are denied without prejudice and with leave to renew upon completion of the annexed AO 239 *in forma pauperis* application form (the "Long Form Application"). Alternatively, Plaintiff may remit the $400.00 filing fee.

      On the application filed on January 14, 2020, Plaintiff left blank the question that calls for the name and address of his employer and wrote "N/A" in response to the questions that call for the amount of wages or pay received. (ECF No. 2.) Plaintiff did not answer any other questions on the form. (Id.) On the application filed on January 29, 2020, Plaintiff reports that he is employed by "SCO Family of Service" and that his bi-weekly wages are "under $30,000" gross and his take-home pay is "under $23,000." (ECF No. 7.) He also checked the boxes to indicate that he has not received any money from any other source within the last twelve (12) months. (Id.

¶ 3.) Plaintiff avers that he has $100.00 in cash or in a checking or savings account, but reports no regular monthly expenses, including housing, transportation, utilities, or otherwise. Rather, Plaintiff wrote "N/A" in response to the remaining questions numbered 5 through 8. (Id. ¶¶ 5–8.) Furthermore, Plaintiff crossed out "under penalty of perjury" at the end of the form where he was to declare that the information in his *in forma pauperis* application is true. (ECF No. 7 at 2.)

Because the responses provided by Plaintiff on the two *in forma pauperis* applications do not permit the Court to conclude that Plaintiff is qualified to proceed *in forma pauperis,* Plaintiff's applications are denied without prejudice to a renewal thereof upon completion of Long Form Application annexed to this Order. Under the circumstances, Plaintiff can best set forth his current financial position on the AO 239 *in forma pauperis* application form. Plaintiff is directed to either complete and return the enclosed Long Form Application or remit the $400.00 filing fee[1] within fourteen (14) days from the date of this Order. Plaintiff is cautioned that a failure to timely comply with this Order will lead to the dismissal of the complaint without prejudice and judgment will enter.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court shall mail a copy of this Order and the AO 239 *in forma pauperis* application form to Plaintiff at his last known address.

**SO ORDERED**.

Dated: February 27, 2020
       Central Islip, New York
                                                           /s/ (JMA)
                                                           Joan M. Azrack
                                                           United States District Judge

---

[1] Plaintiff is cautioned that, once paid, there are no refunds of the filing fee regardless of the outcome of Plaintiff's claims. The Court suggests that Plaintiff consider the pleading requirements of Federal Rules of Civil Procedure 8.