UNITED STATES DISTRICT COURT FOR          )
EASTERN DISTRICT OF NEW YORK              )
-----------------------------------------------------------X )
JOVANNI GIUSEPPE WHYTE-BEY ex rel.,       )    **JOINT PRETRIAL ORDER**
                                    Plaintiff    )
                                           )    20-cv-00240-NJC-LGD
        -Against-                              )
                                           )    TRIAL BY JURY DEMAND
                                         )
                                         )
SUFFOLK COUNTY,                           )
                             Defendants    )
-----------------------------------------------------------X )

Having conferred among themselves and with the Court pursuant to Rule 16 of the Federal Rules

of Civil Procedure, the parties adopt the following statements, directions, and agreements as the

Joint Pretrial Order:

**I.**     **Trial Counsel**

Jovanni Giuseppe Whyte Bey Pro Se Plaintiff, ACP 5156, P.O. BOX 1110

Albany, New York 12201.

**Trial counsel for Defendant**

Assistant County Attorney Arlene S. Zwilling
for Christopher J. Clayton
Suffolk County Attorney
100 Veterans Memorial Highway Hauppauge, New York 11788
(631) 853-4055

**II.**     **Subject Matter Jurisdiction**

Subject matter jurisdiction is not disputed

**III.**     **Claims And Defenses To Be Tried**

     **A.**     **Plaintiff's Claims**

(1)     Whether Mr. Whyte-Bey was denied posting bail by Suffolk County Sheriff's Officers, under the supervision of Sergeant and Lieutenant, in September 2019.

(2)     Whether Mr. Whyte-Bey was threatened by Suffolk County Sheriff's Officers at the direction of Sergeant and Lieutenant in September of 2019.

(3)     Whether Suffolk County Sheriff's Officers coercing Mr. Whyte-Bey that he had a right to deny medical attention by the nurse, constituted excessive force when he was strip searched and placed on suicide watch in violation of Mr. Whyte-Bey's Eighth Amendment right against cruel and unusual punishment.

(4)     Whether Mr. Whyte-Bey has satisfied the requirements of Section 1983 by a preponderance of the evidence.

(5)     Whether the doctrine of qualified immunity operates in this case at all, and, if so, whether it operates in such a way as to limit the liability of the Defendants.

## DEFENDANT DOES NOT AGREE THAT PLAINTIFF HAS STATED THESE CLAIMS.

### B.    Defendant's Defenses

1)    That plaintiff was not arrested, detained or remanded by defendant or any of is employees or agents.

2)    That plaintiff has not evidence that a custom or policy of defendant caused a violation of his constitutional rights.

3)    That no employee or agent of defendant had authority to set, deny, increase or reduce plaintiff's bail and had no role in setting, denying, reducing or increasing his bail.

4)    That the amended complaint fails to state a claim upon which relief can be granted.

5)    That the damages sustained by plaintiff, if any, were caused by the plaintiff's own culpable and/or negligent conduct.

6) That the amended complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

7) That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by defendant or otherwise ratified by defendant authorized a deprivation of plaintiff's constitutional rights.

8) That no custom or usage adopted, followed, endorsed or ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

9) That the doctrines of respondeat superior and vicarious liability do not apply to a civil rights claim.

10) That municipal defendants are not liable for punitive damage awards.

11) That this Court lacks subject matter jurisdiction.

12) That plaintiff has failed to comply with the statutory conditions precedent to commencement of an action against municipal defendant as set forth in the New York General Municipal Law.

13) That plaintiff's claims, if any, are in whole or in part, barred by the doctrines of collateral estoppel and/or res judicata.

14) That plaintiff's claims, if any, are barred in whole or in part by the statute of limitations.

15) That defendant's actions, if any, were justified by the facts and circumstances presented.

16) That the arrest and/or detention, if any, were reasonable and based upon probable cause to believe that the plaintiff had committed a crime and/or offense.

17) To the extent that the amended complaint purports to set forth any supplemental state law claims, they are barred by the plaintiff's failure to comply with the statutory conditions precedent to commencement of an action against municipal defendant as set forth in the New York General Municipal Law.

18) That this inmate claim is barred by the provisions of 42 USC 1997.

## IV. Jury Trial

Plaintiff has demanded a jury trial of all issues. Trial in this matter is expected to take three days. The parties have not consented to trial of the case by a magistrate judge.

## V. Stipulations

None.

## VII. Deposition Testimony

Defendant may use the transcript of plaintiff's deposition for all purposes permitted under the Federal Rules of Civil Procedure and Federal Rule of Evidence.

## VIII. Witnesses

### A. Plaintiff

1) Nurse MaryAnn Jadick RN-DNS -will testify about plaintiff's medical treatment on the evening of September 9, 2019.

### B. Defendant

1) Marincon Bas –will testify as to their interaction with plaintiff at the Suffolk County Correctional Facility Medical Unit.

2) Maryann Jadick—will testify as to her interaction with plaintiff at the Suffolk County Correctional Facility Medical Unit.

3) Matthew Lange-will testify as to plaintiff's interview upon entering the Suffolk County Correctional Facility.

4) John Tlochowski-will testify as to plaintiff's interview upon entering the Suffolk County Correctional Facility.

5) Thomas Lombardi-will testify as to plaintiff's interview when leaving the Suffolk County Correctional Facility.

6) Shawn McDaniel-will testify as to plaintiff's interview when leaving the Suffolk County Correctional Facility.

7) Thomas Tlochowski-will testify regarding plaintiff being placed on suicide watch while at the Suffolk County Correctional Facility.

8) Douglas Paschke-will testify regarding how Suffolk County Correctional Facility security cameras work.

9) Nancy Tyson-will testify that plaintiff never file a grievance while incarcerated at the Suffolk County Correctional Facility.

## VIII.   Exhibits[1]

### A. Plaintiff

1. Suffolk County Sheriff's on duty September 9, 2024

2. Nurse Maryann Javick RN-DNS on duty September 9, 2024

3. HIPPA waiver medical documents

4. Letter dated July 9, 2024 and July 11, 2024

## B.   Defendant

Defendant intends to offer the following items into evidence, either in whole or in part.

1. Plaintiff's inmate jacket from the Suffolk County Correctional Facility.

2. Plaintiff's medical chart from the Suffolk County Correctional Facility.

3. Plaintiff's classification file from the Suffolk County Correctional Facility.


## IX.   Modification Of Order

IT IS ORDERED that the Court may, in order to prevent manifest injustice or for good cause shown, at the trial of the action or prior thereto, upon application of counsel for any party made

in good faith, or upon the Court's own motion, modify this Joint Pretrial Order to the extent that

the Court may deem such modification to be just and proper.

Dated: New York, New York

September , 2024

_____

_____

United States District Judge

JOVANNI GIUSEPPE WHYTE-BEY

By: _____

*All Rights Reserved pursuant
to Human Rights.*

9589 0710 5270 2260 0329 27

By: _____

Arlene S. Zwilling
Assistant County Attorney
For Christopher J. Clayton
Suffolk County Attorney
Attorney for defendant
H. Lee Dennison Building
100 Veterans Memorial Highway
Hauppauge, New York 11788